**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4185**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ANTHONY CHATANE WHITE,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry M. Herlong, Jr., District
Judge.  (CR-04-632)

———————

Submitted:  August 15, 2005          Decided:  August 25, 2005

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Jonathan Scott Gasser, Acting
United States Attorney, Columbia, South Carolina; Elizabeth Jean
Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony Chatane White appeals his conviction and 235-month sentence imposed after he pled guilty to possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). White's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging White's sentence but stating that, in his view, there are no meritorious issues for appeal. White has filed a pro se supplemental brief. We affirm.

In his pro se supplemental brief, White asserts that the district court violated several provisions of Fed. R. Crim. P. 11, in accepting his guilty plea. White contends that the court failed to explain the elements of the offense, <u>see</u> Fed. R. Crim. P. 11(b)(1)(G), failed to inform him of the correct minimum and maximum penalties he faced, <u>see</u> Fed. R. Crim. P. 11(b)(1)(H), (I), and accepted an insufficient factual basis as support for his plea, <u>see</u> Fed. R. Crim. P. 11(b)(3). Because White did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the Rule 11 hearing leads us to conclude that the district court fully complied with the requirements of Rule 11. We therefore find no plain error in the court's acceptance of White's guilty plea.

Next, White's counsel questions whether the district court properly classified White as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Because White did not object in the district court, this court's review is for plain error. United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005) (stating standard of review). We conclude that the district court properly designated White as a career offender. See id. (discussing elements of USSG § 4B1.1(a)).

Finally, counsel raises as a potential issue the reasonableness of White's 235-month sentence in light of United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should

consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted).

White's classification as a career offender does not violate the Sixth Amendment. See Booker, 125 S. Ct. at 756 (Stevens, J., opinion of the Court) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005) (finding that application of career offender enhancement did not violate Booker where facts were undisputed, thereby making it unnecessary to engage in further fact finding about a prior conviction). Moreover, in sentencing White, the district court considered the Guidelines as advisory only and considered all of the factors in § 3553(a). Because the district court sentenced White within a properly calculated Guideline range and well within the forty-year statutory maximum, see 21 U.S.C.A. § 841(b)(1)(B)(ii) (West 1999 & Supp. 2005), we conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm White's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>